UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv436-RJC-5
3:05cr258-4

| | |
|---|---|
| HUG VAN NGUYEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| J.M. KILLIAN, Warden, ) | |
| FCI Otisville ) | |
| Otisville, New York ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, originally filed in the Southern District of New York on July 22, 2010. (Doc. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. See Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it appears that Petitioner's motion is time-barred. He shall be given 20 days in which to file a document explaining to the Court why he believes his motion should not be dismissed as untimely.

## I. Factual and Procedural Background

On June 27, 2005, Petitioner was indicted for conspiracy to possess with intent to distribute a controlled substance, Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, (Count One), possession with intent to distribute a controlled substance, Ecstasy, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, (Count Five), and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), (Count Six). (Case No. 3:05cr258-4, Doc. No. 3.) On February 8, 2006, Petitioner entered guilty pleas on all three counts. See id. at Doc. No. 72, 112. Judgment was entered on September 5, 2006, and the Court sentenced Petitioner to 147 months' imprisonment and four years of supervised release. See id. at Doc. No. 93.

Petitioner did not file a direct appeal. However on November 21, 2006, he filed a Motion for Issuance of a New Judgment, requesting that the district court issue a new judgment in order for him to be able to file a timely appeal. See id. at Doc. No. 100. In the Motion, Petitioner's trial counsel stated that he had failed to file a requested appeal because his office assistant, despite repeated inquiries of her, failed to alert him when judgment was entered in the case. See id. Attached to the Motion was an affidavit from the office assistant attesting to the same. See id. On November 26, 2006, the Court denied the Motion on the basis that it lacked authority to extend the deadline for filing an appeal under Rule 4 of the Federal Rules of Appellate Procedure and that there was not basis to correct the judgment under either Rule 35 or Rule 36 of the Federal Rules of Criminal Procedure. (Case No. 3:05cr258-4, Doc. No. 101.) Furthermore, the Court specifically cited a holding from the Fourth Circuit Court of Appeals that a motion under §2255 is the appropriate remedy when an attorney fails to file timely notice of appeal. See id. at 2 (citing United States v. Reyes, 759 F.2d 351, 353 (4th Cir.1985)).

Nevertheless, it was not until September 12, 2008, almost two years after judgment became final, that Petitioner, now represented by different counsel, filed a document captioned "Motion to Allow Appeal," citing the district court's "broad and flexible power" under 28 U.S.C. § 2255 "to fashion an appropriate remedy." See id. at Doc. No. 110 ¶10. On September 29,

2008, the Court issued an Order, instructing Petitioner to inform the Court within 20 days whether he wanted his Motion to be treated as a motion to vacate under §2255 and, if so, to explain why the Court should not dismiss the motion as untimely under the Antiterrorism and Effective Death Penalty Act one-year statute of limitations. See id. at Doc. No. 111 (citing Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008)). The Order also instructed Petitioner that if he failed to file a timely response, the Court would not consider the motion to be a motion to vacate under § 2255 and would deny it on the same grounds that it had denied Petitioner's November 21, 2006 Motion for Issuance of a New Judgment. See id.

Petitioner did not respond to the Court's September 29, 2008 Order, thereby declining to have the Court construe his Motion as one brought under § 2255. Instead, on July 22, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Southern District of New York. (Doc. No. 1.) In the Petition, he challenged his convictions, alleging that trial counsel was ineffective for failing to file a timely notice of appeal. Attached to the Petition is the same affidavit that was attached to the November 21, 2006, Motion for Issuance of a New Judgment that was filed in this Court (Case No. 3:05cr258-4, Doc. No. 100). Furthermore, Petitioner acknowledged that he was seeking relief pursuant to § 2241 because he "[is] barred by the 'Gatekeeping' provision of 28 U.S.C. §2255(f) which prevents filing past the 1-year [statute of limitations] period." (Doc. No. 1: Form For Use In Applications For Habeas Corpus Under 28 U.S.C. § 2241, et. seq. ¶14.)

The District Court for the Southern District of New York found that because Petitioner was asserting that his sentence was imposed in violation of the United States Constitution, the proper jurisdictional vehicle for his claim was 28 U.S.C. § 2255. (Doc. No. 3.) The court gave

Petitioner 60 days in which to indicate whether he wanted his petition construed as a motion pursuant to § 2255 and transferred to the District Court for the Western District of North Carolina, where he was sentenced, or whether he wished to withdraw it. See id. at 6-7.

On August 16, 2010, a document titled "Notice of Approval for the Court to Construe Petitioner's Motion as a Section 2255" was filed in the District Court for the Southern District of New York, accepting the findings of that court, and agreeing that the § 2241 petition should be construed as a motion under §2255 and transferred to the District Court for the Western District of North Carolina. (Doc. No. 4.) The "Notice of Approval" was neither dated nor signed by Petitioner. See id. Nevertheless, on August 26, 2010, the District Court for the Southern District of New York transferred Petitioner's original pleading as a Motion under § 2255. (Doc. No. 5.) It was docketed in this Court on September 7, 2010. (Doc. No. 6.)

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

§2255(f).

Here, Petitioner's conviction and sentence became final on or about September 19, 2006, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); Fed.R.App.P. 4(b). Petitioner filed the instant Motion to Vacate almost four years later on July 22, 2010. It appears, therefore, that Petitioner's Motion to Vacate is untimely.

The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion). It is abundantly clear from the record, that Petitioner is aware that the instant § 2255 motion was filed outside the one-year statute of limitations period and, therefore, is subject to dismissal. Nevertheless, because Petitioner declined to have his September 12, 2008 "Motion to Allow Appeal" (Case No. 3:05cr258-4, Doc. No. 110) construed by this Court as a motion under §2255, and because the August 16, 2010 document giving the District Court for the Southern District of New York permission to construe his § 2241 petition as a § 2255 motion was not signed by Petitioner (Doc. No. 4), the Court, out of an abundance of caution, will provide Petitioner 20 days in which to file a document in this Court explaining why the instant § 2255 motion should not be dismissed as untimely.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge