IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-436-RJC

| | |
|---|---|
| HUNG VAN NGUYEN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>J.M. KILLIAN, Warden, FCI Otisville, )<br>Otisville, New York, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

This matter is before the Court following an Order for Petitioner to provide an explanation why Petitioner's Motion to Vacate under 28 U.S.C. § 2255 should not be dismissed as untimely.

I. **Relevant Procedural Background**[1]

On February 8, 2006, Petitioner entered guilty pleas to three federal criminal counts. (Case No. 3:05cr258-4, Doc. Nos. 72, 112). Judgment was entered on September 5, 2006, and Petitioner did not appeal. Therefore, his conviction and sentence became final on or about September 15, 2006, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); FED. R. APP. P. 4(b).

On July 22, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.[2] (Doc. No. 1). On September 17, 2010, this Court entered an

---

[1] A more extensive discussion of the procedural background is in the Court's prior orders dated September 17, 2010, and October 13, 2010. (Doc. Nos. 7; 10).

[2] The original petition was brought pursuant to 28 U.S.C. § 1441, but the petition was subsequently converted into a § 2255 motion to vacate.

Order, pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), requiring Petitioner to explain why his § 2255 Motion should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. No. 7). After receiving an enlargement of time, Petitioner has now submitted his arguments for why equitable tolling applies in this case.

**II.     Discussion**

In support of his argument for equitable tolling, Petitioner contends that his trial counsel failed to forward a copy of a prior order from the Court, in which the Court suggested that a § 2255 motion be filed. Petitioner also cites to an unpublished Fourth Circuit opinion, United States v. Oriakhi, 394 Fed. Appx. 976 (4th Cir. Sept. 10, 2010). In Oriakhi, the Court stated:

> Specifically, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. While attorney misconduct must be more egregious than a "garden variety claim of excusable neglect" to be considered an extraordinary circumstance, the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his clients informed of key developments in their cases, or to never abandon a client.

Id. at 977.

Petitioner contends that Oriakhi confirms that counsel's failure to communicate with him about this Court's previous order mentioning § 2255 justifies tolling. Petitioner further contends that Oriakhi expanded the circumstances warranting tolling, and further stressed "the fundamental importance that a petitioner gets at least one meaningful bite at the habeas apple." (Doc. No. 12 at 2). Finally, Petitioner contends that he has been diligent about bringing his claims here.

The Court finds that equitable tolling is not appropriate in this case. First, the Court finds that counsel's failure to forward a copy of a prior order from the Court, in which the Court

suggested that a § 2255 motion be filed, does not warrant equitable tolling.  Counsel was not required to forward the letter to Petitioner, and Petitioner's "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling." Oriakhi, 394 Fed. Appx. at 977 (citing Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)) (finding no equitable tolling when counsel erroneously advised the petitioner as to the statute of limitations).  It is well established that a lawyer's mistakes related to the filing of a § 2255 motion do not constitute "extraordinary circumstances" external to Petitioner that would justify tolling.  See Harris v. Hutchinson, 209 F.3d at 330-31 (citing cases).  Furthermore, Petitioner has not shown that he was diligent in filing his § 2255 motion, as he filed it almost four (4) years out of time.  In sum, Petitioner has not shown that the circumstances in this case warrant equitable tolling.

In sum, because equitable tolling is not warranted in this case, the Court concludes that Petitioner's § 2255 must be dismissed as untimely.

**IT IS THEREFORE ORDERED THAT**:

(1)  Petitioner's § 2255 motion, (Doc. No. 1), is dismissed with prejudice as untimely.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge